TYLER M. PAETKAU, Bar No. 146305
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490
E-mail: tpaetkau@littler.com

**ADR**

**E-FILING**

Attorneys for Defendants
JEFFREY A. GIANNINI, ALBERT P. GIANNINI,
JR. and THE GIANNINI LIVING TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ROBERT McCARTHY,

Plaintiff,

v.

JEFFREY A. GIANNINI;
ALBERT P. GIANNINI, JR.;
THE GIANNINI LIVING TRUST; and
DOES 1 through 10, inclusive,

Defendants.

Case No. **C07 05376 PVT**

**NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. §§ 1331, 1441(b)
AND 1446 (FEDERAL QUESTION)**

TO THE CLERK IN THE ABOVE-ENTITLED COURT AND TO PLAINTIFF

ROBERT McCARTHY AND PLAINTIFF'S ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT Defendants, Jeffrey A. Giannini, Albert P. Giannini

and The Giannini Living Trust (hereinafter "Defendants") hereby give Notice of Removal of the

above-entitled action from the Santa Clara County Superior Court to the United States District Court

for the Northern District of California, San Jose Division, and state as follows:

1.    This action was commenced on August 27, 2007, by the Complaint filed in

the Superior Court for the County of Santa Clara, entitled *Robert McCarthy v. Jeffrey A. Giannini;*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION**

1    *Albert P. Giannini, Jr.; The Giannini Living Trust; and Does 1 through 10* (hereinafter "the

2    Complaint").

3           2.      Without waiving any or all objections Defendants may have regarding the

4    effectiveness of service of process, Defendants first received copies of the Complaint on October 8,

5    2007. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

6           3.      On October 22, 2007, Defendants filed an Answer to the Complaint in the

7    Superior Court for the County of Santa Clara. A true and correct copy of the Answer is attached

8    hereto as Exhibit B.

9           4.      No further proceedings have been heard at the Superior Court for the County

10   of Santa Clara.

11          5.      The instant Notice of Removal is timely filed as it is within thirty (30) days of

12   the date of receipt of the initial pleading pursuant to 28 U.S.C. § 1446(b).

13          6.      A copy of this Notice of Removal will be filed with the Clerk for the Superior

14   Court of the State of California for Santa Clara County and served upon all parties as required by 28

15   U.S.C. § 1446(d).

16                              **JURISDICTION**

17          7.      This is a suit of a wholly civil nature brought in a California court. The action

18   is now pending in Santa Clara County, California. Venue is proper in this Court pursuant to 28

19   U.S.C. §§ 84(a), 1391 and 1446. This case may be removed to this Court by Defendants pursuant to

20   the provisions of 28 U.S.C. § 1441(b) as a result of the existence of original jurisdiction based on

21   federal question.

22                         **INTRADISTRICT ASSIGNMENT**

23          8.      All civil actions that arise in the county of Santa Clara shall be assigned to the

24   San Jose Division. Northern District Civil Local Rule 3-2(c) and (e); 3-5(b). Further, assignment in

25   the San Jose Division is proper because a substantial part of the events or omissions giving rise to

26   the claim occurred and a substantial part of property that is the subject of the action is situated in the

27   County of Santa Clara, California. Northern District Civil Local Rule 3-2(c) and (e).

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION**                    2.

**FEDERAL QUESTION**

9.    Defendants are the owners, operators, and/or lessors of the real property located at 1014 West El Camino Real, Sunnyvale, California, 94087.

10.    Upon information and belief, Plaintiff ROBERT McCARTHY (hereinafter "Plaintiff"), a disabled person, attempted to patronize Cranberry Hill Mercantile and Stamp On Over located at 1014 West El Camino Real, Sunnyvale, California, 94087 in the year of 2007. Plaintiff claims that he was unable and/or had difficulty patronizing the businesses because the businesses' facilities were allegedly inaccessible. Plaintiff alleges that the businesses were inaccessible because the subject facilities do not comply with the ADA Access Guidelines for Building and Facilities. As a result, Plaintiff filed the Complaint. The Complaint alleges the following causes of action: (1) denial of full and equal access, failure to make alterations in such a manner that the altered portions of the facility are readily accessible and usable by individuals with disabilities, failure to remove architectural barriers and failure to modify practices, policies and procedures all in violation of the Americans with Disabilities Act; (2) denial of full and equal access and failure to modify practices and policies and procedures in violation of the California Civil Code and discrimination in violation of the California Unruh Act; and (3) violation of the California Business and Professions Code.

11.    Because Plaintiff alleges that Defendants denied him access to public accommodations in violation of the Americans with Disabilities Act, a federal statue, this action is a civil action arising under the laws of the United States of which this Court has original jurisdiction over pursuant to 28 U.S.C. § 1331. Defendants may remove this action to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446 because of the existence of original jurisdiction based on federal question. With respect to Plaintiff's California state law causes of action, these causes of action are removable pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367 because they are so related to the federal causes of action that they form part of the same case or controversy. Thus, this action is removable in its entirety.

12.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, Defendants will file a Notice of Removal to Federal Court to Plaintiff, Plaintiff's Counsel and State Court (with its attachments) with

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    3.

1   the Clerk of the Superior Court for the County of Santa Clara.  A true and correct of said Notice

2   without attachments is attached hereto as Exhibit C.

3            Wherefore, having provided notice as is required by law, the above-entitled action

4   should be removed from the Superior Court for the County of Santa Clara to this Court.

5

6   Dated: October 22, 2007

7

8                                        TYLER M. PAETKAU
                                         LITTLER MENDELSON
9                                        A Professional Corporation
                                         Attorneys for Defendants
10                                       JEFFREY A. GIANNINI, ALBERT P.
                                         GIANNINI, JR. and THE GIANNINI LIVING
11                                       TRUST

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
an Francisco, CA  94108.2693
415.433.1940

**NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION**                    4.

# EXHIBIT A

SEP-19-2007 WED 02:56 PM ADVANCED ATTY SVCS    FAX NO. 6192995099    P. 03/22



**SUM-100**

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

ENDORSED

2007 AUG 27 P 2: 04

S. Cao-Nguyen
DEPUTY CLERK

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
JEFFREY A. GIANNINI; ALBERT P. GIANNINI, JR.; THE GIANNINI LIVING TRUST; AND DOES 1 THROUGH 10

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
ROBERT McCARTHY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

**CASE NUMBER:**
**(Número del Caso):** CV 09 3018

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, Santa Clara County, 191 N. First Street,
San Jose CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

**Kiri Torre**
**Chief Executive Office,** ........    Clerk, by    J. Cao-Nguyen    , Deputy
DATE:    (Secretario)    (Adjunto)
(Fecha) **AUG 27 2007**
(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):
   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

Code of Civil Procedure §§ 412 20, 465

## SUMMONS

SEP-19-2007 WED 02:56 PM ADVANCED ATTY SVCS    FAX NO. 6192995099    P. 04/22

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David C. Wakefield, Esq  SBN: 185736 Pinnock & Wakefield, 3033 Fifth Avenue, Suite 410 San Diego, CA  92103 | ENDORSED 2007 AUG 27 P 2:04 J. Cao-Nguyen DEPUTY CLERK |
| TELEPHONE NO. 619.858.3671    FAX NO. 619.858.3646 | |
| ATTORNEY FOR (Name): Plaintiff Robert McCarthy | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA  95113
BRANCH NAME: Downtown Courthouse

| CASE NAME: McCarthy v JEFFREY A. GIANNINI, et. al. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 1 0 7 C V 0 9 3 0 1 8 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify):
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 8-23-2007

David C. Wakefield
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CIVIL CASE COVER SHEET**

1  **PINNOCK & WAKEFIELD**
   A Professional Corporation
2  David C. Wakefield, Esq.        Bar #: 185736
   3033 Fifth Avenue, Suite 410
3  San Diego, CA 92103
   Telephone: 619.858.3671
4  Facsimile:  619.858.3646

5  Attorneys for Plaintiffs

6

7

8              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
               **COUNTY OF SANTA CLARA**
9

10 ROBERT McCARTHY,                Case No.: **1 0 7 C V 0 9 3 0 1 8**

11              Plaintiff,          **COMPLAINT**

12         v.                       **DISCRIMINATORY PRACTICES IN**
                                    **PUBLIC ACCOMMODATIONS**
13                                  [42 U.S.C. 12182(a) ET. SEQ; CA CIVIL
14 JEFFREY A. GIANNINI; ALBERT P.   CODE 51, 52, 54, 54.1, 54.3; CA
   GIANNINI, JR.; THE GIANNINI      HEALTH & SAFETY CODE § 19955;
15 LIVING TRUST; AND DOES 1         CA BUSINESS & PROFESSIONS Code
   THROUGH 10, Inclusive,           § 17200 ]
16              Defendants.
                                    **DEMAND FOR JURY TRIAL**
17                                  [F.R.Civ.P. rule 38(b)]
18
                                    **UNLIMITED CIVIL CASE – AMOUNT**
19                                  **DEMANDED EXCEEDS $25,000.00;**
20                                  **PERMANENT INJUNCTIVE RELIEF**

21

22

23

24                          **INTRODUCTION**

25 1.    Plaintiff ROBERT McCARTHY herein complains, by filing this Civil Complaint in

26 accordance with rules of Civil Procedure in the Superior Court For The State Of California, that

27 Defendants have in the past, and presently are, engaging in discriminatory practices against

28
                                    1
                                                        COMPLAINT
                                                        CASE #

7-13-1995 8:40AM    FROM    P. 5

Received Fax :    Case 5:07-cv-05376-JF    Document 1    Filed 10/22/2007    Page 9 of 48    P. 5
                  Sep 19 12 :46PM    Fax Station :    FRIPS    p . 6

SEP-19-2007 WED 02:57 PM ADVANCED ATTY SVCS    FAX NO. 6192995099    P. 06/22

1    individuals with disabilities. Plaintiff alleges this civil action and others substantial similar thereto

2    are necessary to compel access compliance because empirical research on the effectiveness of Title

3    III of the Americans with Disabilities Act indicates this Title has failed to achieve full and equal

4    access simply by the executive branches of the Government funding and promoting voluntary

5    compliance efforts. Further, empirical research shows when individuals with disabilities give

6    actual notice of potential access problems to places of public accommodation without a civil rights

7    action, the public accommodations do not remove the access barriers. Therefore, Plaintiff makes

8    the following allegations in this federal civil rights action:

9    2.     The property that is the subject of this action is located in Santa Clara County.

10   3.     Venue is proper in Santa Clara County because a substantial part of Plaintiffs' claims arose

11   within Santa Clara County and the property that is the subject of this action is situated in Santa

12   Clara County.

13

14            **NAMED DEFENDANTS AND NAMED PLAINTIFF**

15   4.     Defendants are, and, at all times mentioned herein, were, a business or corporation or

16   franchise organized and existing and/or doing business under the laws of the State of California.

17   Plaintiff is informed and believes and thereon alleges that Defendants JEFFREY A. GIANNINI;

18   ALBERT P. GIANNINI, JR.; and THE GIANNINI LIVING TRUST are the owners, operators,

19   and/or lessors of the real property located at 1014 West El Camino Real, Sunnyvale, California,

20   94087, Assessor Parcel Number 198-26-009. Defendants JEFFREY A. GIANNINI; ALBERT P.

21   GIANNINI, JR.; and THE GIANNINI LIVING TRUST are located at 4530 Engle Lake Drive, Fort

22   Collins, CO, 80524, and at 56 Edgehill Way, San Francisco, California, 94127.

23   5.     The words Plaintiffs and Plaintiff as used herein specifically include ROBERT

24   McCARTHY.

25   6.     Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers,

26   employees, agents, of JEFFREY A. GIANNINI; ALBERT P. GIANNINI, JR.; and/or THE

27   GIANNINI LIVING TRUST. Plaintiff is ignorant of the true names and capacities of Defendants

28

2

COMPLAINT<br/>CASE #

sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

7.   Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

## CONCISE SET OF FACTS

8.   Plaintiff ROBERT McCARTHY (hereinafter "MCCARTHY") has physical impairments and due to these impairments he has learned to successfully operate a wheelchair for mobility. Plaintiff MCCARTHY said physical impairments substantially limit one or more of the following major life activities including but not limited to: walking.

9.   In year 2007, Plaintiff MCCARTHY went to Defendants' public accommodation facilities known as CRANBERRY HILL MERCANTILE (hereinafter "CRANBERRY HILL MERCANTILE") and STAMP ON OVER (hereinafter "STAMP ON OVER") located at 1014 West El Camino Real, Sunnyvale, California, 94087, Assessor Parcel Number 198-26-009 (hereinafter "property"), to utilize their goods and/or services accompanied by a friend. When Plaintiff MCCARTHY patronized Defendants' facilities, he was unable to use and/or had difficulty using the public accommodations' facilities including but not limited to the disabled parking, exterior path of travel, entrance, and customer service counter facilities were not accessible because said facilities they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG" and codified in 28 C.F.R. Part 36, App. A) and/or California's Title 24 Building Code Requirements. Defendants failed to remove barriers to equal access at their public accommodation facilities located at the property.

3

COMPLAINT
CASE #

10.    Plaintiff MCCARTHY personally experienced difficulty with said access barriers at the subject property. The following examples of known barriers to access are not an exhaustive list of the barriers to access that exist at Defendants' facilities. For example, there are parking facilities serving this establishment at both the front and the rear of the establishment. There fails to be any of the required disability signage at the property informing patrons they may be fined or their vehicle may be towed if they unlawfully park in a disabled parking space anywhere on the property. The parking facilities completely fail to have any of the required "Van Accessible" disabled parking spaces. There are a total of twenty-six (26) parking spaces within the establishment's parking facilities, two (2) of which are designated disabled parking spaces located in the front of the establishment to the far right side. If an establishment has between twenty-six (26) and fifty (50) parking spaces in the parking facilities, the establishment must have two (2) designated disabled parking spaces, one (1) of which must be a "Van Accessible" disabled parking space. Plaintiff McCARTHY drives an accessible van with a deployable lift. As the establishment fails to have any of the required "Van Accessible" disabled parking, Plaintiff McCARTHY was precluded from parking in either of the designated disabled parking space. As a result, Plaintiff McCARTHY parked his accessible van in the rear of the establishment.

11.    There fails to be a designated safe and accessible exterior path of travel through the alley to the front of the building in which the establishment is located. As a result, Plaintiff McCARTHY was forced to traverse through the parking lot, behind parked vehicles other then his own to reach the curb cut at the designated disabled parking spaces. Additionally, there fails to be a designated safe and accessible exterior path of travel leading from the public sidewalk to the sidewalk serving the front entrance of the establishment.

12.    The front entrance door fails to be accessible, as the entrance door fails to have the required smooth and uninterrupted surface on the bottom ten inches (10") of the door that allows the door to be opened with a wheelchair footrest without creating a hazard. This is due to the fact that this door is comprised of a glass door in a metal frame that also has a low four inch (4") bottom rail. The front entrance fails to have the required disability signage.

4

COMPLAINT
CASE #

13.    The customer service counter where patrons purchase their selections fails to be accessible, as the counter is too high to be accessible. This counter is mounted forty-two inches (42") high.

14.    Plaintiff can prove these barriers as Plaintiff conducted a preliminary survey of Defendants' facility. Plaintiff specifically alleges that Defendants knew, to a substantial certainty, that the architectural barriers precluded wheelchair access. First, Plaintiff will prove that Defendants had actual knowledge that the architectural barriers precluded wheelchair access and that the noncompliance with ADAAG as to accessible entrances was intentional. Second, due to the abundance of ADA information and constant news covers of ADA lawsuits, Defendants had actual knowledge of the ADA and decided deliberately not to remove architectural barriers. Third, Defendants have no plans to remodel. Fourth, Defendants had actual knowledge of ADA given all the ADA public awareness campaigns, the abundance of free ADA information and the media's constant ADA coverage. Fifth, a human being acting for the defendants made a conscious decision as to how to proceed given the presence of the architectural barriers. Plaintiff alleges any alternative methods preclude integration of wheelchair patrons, as it requires them to use a second-class entrance. Also, expert testimony will show the facility contained inaccessible features. Plaintiff alleges businesses often state that they have few customers with disabilities. Plaintiff alleges such customers avoid patronizing inaccessible businesses and are deterred from patronizing such businesses.

15.    Plaintiff MCCARTHY intends to return to Defendants' public accommodation facilities in the immediate future. Plaintiff MCCARTHY is presently deterred from returning due to their knowledge of the barriers to access that exist at Defendants' facilities.

16.    Pursuant to federal and state law, Defendants are required to remove barriers to their existing facilities. Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992. Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

17.    Plaintiff believes and herein alleges Defendants' facilities have access violations not directly

5

COMPLAINT
CASE #

experienced by Plaintiff MCCARTHY which would preclude or limit access by MCCARTHY and other persons with disabilities, potentially including but not limited to violations of the ADA, ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A) and Title 24 of the California Building Code. Plaintiff alleges Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments.

18.    Based on these facts, Plaintiff alleges he was discriminated against each time he patronized Defendants' facilities. Plaintiff MCCARTHY was extremely upset due to Defendants' conduct.

## NOTICE

19.    Plaintiff is not required to provide notice to the defendants prior to filing a complaint. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir 2000).

## WHAT CLAIMS PLAINTIFF IS ALLEGING AGAINST EACH NAMED DEFENDANT

20.    JEFFREY A. GIANNINI; ALBERT P. GIANNINI, JR.; THE GIANNINI LIVING TRUST; and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

21.    Plaintiff aver that the Defendants are liable for the following claims as alleged below:

## DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS- Claims Under The Americans With Disabilities Act Of 1990

CLAIM I AGAINST ALL DEFENDANTS: Denial Of Full And Equal Access

22.    Based on the facts plead at ¶¶ 8 - 18 above and elsewhere in this complaint, Plaintiff MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations. Plaintiff alleges Defendants are a public accommodation owned, leased and/or operated by Defendants. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a). Thus, Plaintiff MCCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff MCCARTHY was denied equal access

COMPLAINT
CASE #

7-13-1995 8:44AM     FROM

Received Fax     Case 5:07-cv-05376-JF     Document 1     Filed 10/22/2007     Page 14 of 48     P. 10
                 Sep 19     3:46PM     Fax Station :     FRLPS     p. 11

SEP-19-2007 WED 03:00 PM ADVANCED ATTY SVCS     FAX NO. 6192995099     P. 11/22

to Defendants' existing facilities.

23.     Plaintiff ROBERT McCARTHY has physical impairments as alleged in ¶ 9 above because his conditions affect one or more of the following body systems: neurological, musculoskeletal, special sense organs, and/or cardiovascular. Further, Plaintiff MCCARTHY said physical impairments substantially limits one or more of the following major life activities: walking. In addition, Plaintiff MCCARTHY cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person. Moreover, Plaintiff MCCARTHY has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

CLAIM II AGAINST ALL DEFENDANTS: <u>Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities</u>

24.     Based on the facts plead at ¶¶ 8 - 18 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

25.     Additionally, the Defendants undertook an alteration that affects or could affect the usability of or access to an area of the facility containing a primary function after January 26, 1992. Defendants further failed to make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area serving the altered area, are readily accessible to and usable by individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

26.     Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the

7

maximum extent feasible, are readily accessible to and usable by individuals with disabilities constitutes discrimination for purposes of 42 U.S.C. §12183(a). Therefore, Defendants discriminated against Plaintiff in violation of 42 U.S.C. § 12182(a).

27.    Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because Plaintiff ROBERT McCARTHY was denied equal access to Defendants' existing facilities.

CLAIM III AGAINST ALL DEFENDANTS: **Failure To Remove Architectural Barriers**

28.    Based on the facts plead at ¶¶ 8 - 18 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a). Plaintiff is informed, believes, and thus alleges that architectural barriers which are structural in nature exist within the physical elements of Defendants' facilities in violation of Americans With Disabilities Act Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A; hereinafter "ADAAG") and Title 24 of the California Building Code. Title III requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).] Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination. [See 42 United States Code 12182(b)(2)(A)(iv).] Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because he was denied equal access to Defendants' existing facilities.

CLAIM IV AGAINST ALL DEFENDANTS: **Failure To Modify Practices, Policies And Procedures**

29.    Based on the facts plead at ¶¶ 8 - 18 above and elsewhere in this complaint, Defendants

8

COMPLAINT
CASE #

failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a). Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff ROBERT McCARTHY was denied equal access to Defendants' existing facilities.

30.    Based on the facts plead at ¶¶ 8 - 18 above, Claims I, II, and III of Plaintiffs' First Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with federal civil rights laws enacted for the benefit of individuals with disabilities.

31.    WHEREFORE, Plaintiff prays for judgment and relief as hereinafter set forth.


## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS

### CLAIM I: Denial Of Full And Equal Access

32.    Based on the facts plead at ¶¶ 8 - 18 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1. Defendants' facility violated California's Title 24 Accessible Building Code by failing to provide equal access to

9

COMPLAINT
CASE #

Defendants' facilities.

33. These violations denied Plaintiff ROBERT McCARTHY full and equal access to Defendants' facility. Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff ROBERT McCARTHY was denied full, equal and safe access to Defendants' facility, causing severe emotional distress.

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

34. Based on the facts plead at ¶¶ 8 - 18 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1. Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of Civil Code § 54.1.

CLAIM III: **Violation Of The Unruh Act**

35. Based on the facts plead at ¶¶ 8 - 18 above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to discriminate against Plaintiff and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.

36. Based on the facts plead at ¶¶ 8 - 18 above, Claims I, II, and III of Plaintiffs' Second Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a state and national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with state civil rights

10

COMPLAINT
CASE #

laws enacted for the benefit of individuals with disabilities.

37.    Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

### Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws

38.    Defendants, each of them respectively, at times prior to and including the day Plaintiff patronized Defendants' facilities, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all potions of this public facility. Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiff and other similarly situated persons with disabilities, Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' public accommodation facilities accessible pursuant to the Americans With Disability Act Access Guidelines (ADAAG) and Title 24 of the California Code of Regulations (also known as the California Building Code). Such actions and continuing course of conduct by Defendants, and each of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiff and of other similarly situated persons, justifying an award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code.

39.    Defendants, and each of their actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as Plaintiff and other persons with physical disabilities who have been denied the proper access to which they are entitled by law. Further, Defendants, and each of their, refusals on a day-to-day basis to correct these problems evidence despicable conduct in conscious disregard for the rights of Plaintiff and other members of the public with physical disabilities.

11

COMPLAINT
CASE #

40.     Plaintiff prays for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a), in an amount sufficient to make a more profound example of Defendants and encourage owners, lessors/lessees, and operators of other public facilities from willful disregard of the rights of persons with disabilities. Plaintiff does not know the financial worth of Defendants, or the amount of damages sufficient to accomplish the public purposes of section 52(a) of the California Civil Code and section 54.3 of the California Civil Code.

41.     Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

**THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS - Violation of Business and Professions Code section 17200 et seq.**

42.     Plaintiff incorporates by reference herein the facts plead at ¶¶ 8-18 above and elsewhere in this complaint.

43.     Pursuant to federal law, Defendants are required to remove barriers to their existing facilities. Title III of the Americans With Disabilities Act requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [42 United States Code 12182(b)(2)(A)(iv).] Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination. [See 42 United States Code 12182(b)(2)(A)(iv).] Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff ROBERT MCCARTHY was denied equal access to Defendants' existing facilities. Also, Defendants' facilities failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a). Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff ROBERT MCCARTHY was denied equal access to Defendants' existing facilities. Additionally, as a result of said access barriers, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to

COMPLAINT
CASE #

have a scheme, plan, or design to assist Plaintiff ROBERT MCCARTHY and/or others similarly
situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a). Thus,
Plaintiff ROBERT MCCARTHY was subjected to discrimination in violation of 42 United States
Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff was denied equal access to
Defendants' existing facilities.

44.    Pursuant to state law, Defendants are also required to remove barriers to their existing
facilities. These violations denied Plaintiff ROBERT MCCARTHY full and equal access to
Defendants' facilities. Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination
pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff was denied full, equal and safe access
to Defendants' facility. Further, Defendants' facility, and other goods, services, and/or facilities
provided to the public by Defendants are not accessible to and usable by persons with disabilities as
required by Health and Safety Code § 19955 which requires private entities to make their facility
accessible before and after remodeling, and to remove architectural barriers on and after AB 1077
went into effect. Additionally, Defendants failed and refused to provide a reasonable alternative by
modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or
design to assist Plaintiff ROBERT MCCARTHY and/or others similarly situated in entering and
utilizing Defendants' services as required by Civil Code § 54.1. Thus, Plaintiff ROBERT
MCCARTHY was subjected to discrimination in violation of Civil Code § 54.1. Also, under the
Unruh Act, Defendants violated the Civil Code § 51 by failing to comply with 42 United States
Code 12182(b)(2)(A)(iv), Defendants did and continue to discriminate against Plaintiff ROBERT
MCCARTHY and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.
Further, Defendants had actual knowledge of their barrier removal duties under the Americans with
Disabilities Act, the California Civil Code, and the California Health & Safety Code before January
26, 1992.

45.    Business and Professions Code section 17200 defines "unfair competition" and prohibited
activities as, ". . . any unlawful, unfair or fraudulent business act or practice and unfair, deceptive,

13

untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Defendants' acts and omissions alleged herein are violations of the above-enumerated federal and state statutory requirements and public policy and therefore constitute unfair competition and/or prohibited activities as such violations are *unlawful, unfair or fraudulent business acts or practices*. Defendants' alleged unlawful, unfair, or fraudulent business acts or practices are specifically prohibited by the specific introductory language of B&P section 17200 that is stated in the conjunctive. Consequently, Plaintiff alleges that Defendants' acts and omissions constitute a violation specifically of this section 17200 of the Business and Professions Code.

46.    Title III of the ADA mandates removal of architectural barriers and prohibits disability discrimination. As well, Defendants' facility, and other goods, services, and/or facilities provided to the public by Defendants are not accessible to and usable by persons with disabilities as required by CA Health and Safety Code § 19955 which requires private entities to make their facility accessible before and after remodeling, and to remove architectural barriers on and after AB 1077 went into effect.

47.    Plaintiff seeks injunctive relief requiring Defendants to comply with the disabled access laws of the State of California at their facilities.

48.    WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### DEMAND FOR JUDGMENT FOR RELIEF:

A.    For general damages pursuant to Cal. Civil Code §§ 52 or 54.3;

B.    For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A);

C.    In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph B above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

14

D.      For injunctive relief pursuant to 42 U.S.C. § 12188(a), CA Business & Professions Code §
17200, and CA Health & Safety Code §19955.  Plaintiff requests this Court enjoin Defendants to
remove all architectural and communication barriers in, at, or on their facilities including without
limitation violations of the ADA, ADA Accessibility Guidelines and Title 24 of the California
Building Code;

E.      For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, Cal. Code of Civil
Procedure §§ 1032 and 1033.5, and Cal. Civil Code §§ 52, 54.3;

F.      For treble damages pursuant to Cal. Civil Code §§ 52(a) or 54.3(a);

G.      A Jury Trial and;

H.      For such other further relief as the court deems proper.

Respectfully submitted:

                                PINNOCK & WAKEFIELD, A.P.C.

Dated: August 23, 2007

                        By: _____
                            DAVID C. WAKEFIELD, ESQ.
                            Attorneys for Plaintiff

15

                                                        COMPLAINT
                                                        CASE #

# EXHIBIT B

1    TYLER M. PAETKAU, Bar No. 146305
     LITTLER MENDELSON
2    A Professional Corporation
     650 California Street, 20th Floor
3    San Francisco, CA  94108.2693
     Telephone:    415.433.1940
4    Fax No.:       415.399.8490
     Tpaetkau@littler.com
5
     Attorneys for Defendants
6    JEFFREY A. GIANNINI, ALBERT P. GIANNINI,
     JR. and THE GIANNINI LIVING TRUST
7

8
                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                          COUNTY OF SANTA CLARA
10

11   ROBERT McCARTHY,                    Case No.  107CV093018

12            Plaintiff,                 **DEFENDANTS' ANSWER TO**
                                         **PLAINTIFF'S UNVERIFIED**
13       v.                              **COMPLAINT FOR DAMAGES AND**
                                         **INJUNCTIVE RELIEF**
14   JEFFREY A. GIANNINI;
     ALBERT P. GIANNINI, JR.;            Judge:         Hon. Joseph Huber
15   THE GIANNINI LIVING TRUST,          Dept.          8
     and DOES 1 through 10, inclusive,   Trial Date:    None Set
16                                       Complaint Filed: August 27, 2007
              Defendants.
17

18

19        Defendants  JEFFREY  A.  GIANNINI,  ALBERT  P.  GIANNINI,  JR  and  THE

20   GIANNINI LIVING TRUST (hereinafter "Defendants") answer Plaintiff ROBERT McCARTHY'S

21   (hereinafter  "Plaintiff")  unverified  Complaint  alleging  discriminatory  practices  in  public

22   accommodations in violation of the Americans with Disabilities Act, denial of full and equal access

23   in violation of California Civil Code and violation of California's Business and Professions Code on

24   file in the above entitled action as follows:

25                                **GENERAL DENIAL**

26        Pursuant  to  the  provisions  of  the  California  Code  of  Civil  Procedure  section

27   431.30(d), Defendants deny generally and specifically each and every allegation contained in the

28   Complaint.  In addition, Defendants deny that Plaintiff has sustained, or will sustain, any loss or

ITLER MENDELSON
OFESSIONAL CORPORATION
50 California Street
20th Floor
ancisco, CA  84108.2893
415.433.1940

ANSWER TO COMPLAINT                                    Case No.  107CV093018

1    damage in the manner alleged, or otherwise, by reason of any act or omission, or any other conduct

2    or absence thereof, on the part of Defendants.

### AFFIRMATIVE DEFENSES

4        As separate and distinct affirmative defenses to Plaintiff's unverified Complaint,

5    Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE—

7    (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

8    to make alterations in such a manner that the altered portions of the facility are readily accessible

9    and usable by individuals with disabilities, failure to remove architectural barriers and failure to

10   modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

11   SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

12   and policies and procedures in violation of the California Civil Code and for discrimination in

13   violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

14   California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

15   ROBERT McCARTHY)

16       Defendants allege that neither the Complaint, nor any cause of action set forth

17   therein, states facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE—

19   (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

20   to make alterations in such a manner that the altered portions of the facility are readily accessible

21   and usable by individuals with disabilities, failure to remove architectural barriers and failure to

22   modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

23   SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

24   and policies and procedures in violation of the California Civil Code and for discrimination in

25   violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

26   California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

27   ROBERT McCARTHY)

28       Defendants allege that Plaintiff's causes of action are barred, in whole or in part, by

TLER MENDELSON
OFESSIONAL CORPORATION
150 California Street
20th Floor
FRANCISCO, CA 94108.2693
415.433.1840

ANSWER TO COMPLAINT                    2.                    Case No. 107CV093018

1  all of the applicable statutes of limitation, including, but not limited to, California Code of Civil

2  Procedure Sections 338 and 343 and California Business and Professions Code Section 17208.

3  ### THIRD AFFIRMATIVE DEFENSE—

4  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

5  to make alterations in such a manner that the altered portions of the facility are readily accessible

6  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

7  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

8  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

9  and policies and procedures in violation of the California Civil Code and for discrimination in

10  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

11  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

12  ROBERT McCARTHY)

13       Defendants allege that Plaintiff's claims are barred, in whole or in part, because

14  Plaintiff has not suffered, and will not suffer, irreparable harm as a result of any of the alleged

15  conduct and/or omissions of Defendants.

16  ### FOURTH AFFIRMATIVE DEFENSE—

17  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

18  to make alterations in such a manner that the altered portions of the facility are readily accessible

19  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

20  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

21  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

22  and policies and procedures in violation of the California Civil Code and for discrimination in

23  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

24  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

25  ROBERT McCARTHY)

26       Defendants allege that Plaintiff's claims for injunctive relief are barred, in whole or in

27  part, because Plaintiff's legal remedies are adequate.

28

TLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA  94106.2693
415.433.1940

ANSWER TO COMPLAINT                    3.                    Case No.  107CV093018

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### FIFTH AFFIRMATIVE DEFENSE—

(AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure to make alterations in such a manner that the altered portions of the facility are readily accessible and usable by individuals with disabilities, failure to remove architectural barriers and failure to modify practices, policies and procedures all in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices and policies and procedures in violation of the California Civil Code and for discrimination in violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF ROBERT McCARTHY)

Defendants allege that Plaintiff's claims are barred from any remedy, or certain remedies, under the doctrines of laches, waiver and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE—

(AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure to make alterations in such a manner that the altered portions of the facility are readily accessible and usable by individuals with disabilities, failure to remove architectural barriers and failure to modify practices, policies and procedures all in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices and policies and procedures in violation of the California Civil Code and for discrimination in violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF ROBERT McCARTHY)

Defendants allege that Plaintiff has failed to mitigate his alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE—

(AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access failure to make alterations in such a manner that the altered portions of the facility are readily accessible and usable by individuals with disabilities, failure to remove architectural barriers and failure to modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

TLER MENDELSON
10FESSIONAL CORPORATION
650 California Street
20th Floor
¹rancisco, CA  94108.2693
415.433.1940

ANSWER TO COMPLAINT                    4.                    Case No.  107CV093018

1   SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

2   and policies and procedures in violation of the California Civil Code and for discrimination in

3   violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

4   California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

5   ROBERT McCARTHY)

6          Defendants allege that California Civil Code Sections 51, 52, 54, 54.1 and 54.3 and

7   California Health and Safety Code Sections 19955 et seq. do not create a private cause of action for

8   damages for alleged discrimination.  Civil Code Section 55 provides only a private cause of action to

9   enjoin such alleged statutory violations.

10          **EIGHTH AFFIRMATIVE DEFENSE—**

11  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

12  to make alterations in such a manner that the altered portions of the facility are readily accessible

13  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

14  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

15  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

16  and policies and procedures in violation of the California Civil Code and for discrimination in

17  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

18  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

19  ROBERT McCARTHY)

20          Assuming, *arguendo*, that Plaintiff was denied access to a place of public

21  accommodation, Defendants allege that such exclusion was not unlawful because access could not

22  be provided to Plaintiff without causing undue hardship to Defendants.

23          **NINTH AFFIRMATIVE DEFENSE—**

24  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

25  to make alterations in such a manner that the altered portions of the facility are readily accessible

26  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

27  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

28  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

TLER MENDELSON
OFESSIONAL CORPORATION
550 California Street
20th Floor
rancisco, CA  94108.2693
415.433.1940

1   and policies and procedures in violation of the California Civil Code and for discrimination in

2   violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

3   California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

4   ROBERT McCARTHY)

5          Assuming, *arguendo*, that Plaintiff was denied access to the subject facility,

6   Defendants allege that such exclusion was not unlawful because access could not be provided to

7   Plaintiff without fundamentally altering the nature and/or character of the business establishment and

8   the goods and services provided therein.

9                          **TENTH AFFIRMATIVE DEFENSE—**

10  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

11  to make alterations in such a manner that the altered portions of the facility are readily accessible

12  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

13  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

14  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

15  and policies and procedures in violation of the California Civil Code and for discrimination in

16  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

17  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

18  ROBERT McCARTHY)

19         Assuming, *arguendo*, that Plaintiff was denied access to the subject facility,

20  Defendants allege that such exclusion was not unlawful because barrier removal was not "readily

21  achievable."

22                          **ELEVENTH AFFIRMATIVE DEFENSE—**

23  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

24  to make alterations in such a manner that the altered portions of the facility are readily accessible

25  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

26  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

27  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

28  and policies and procedures in violation of the California Civil Code and for discrimination in

TLER MENDELSON
ofessional Corporation
650 California Street
20th Floor
Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT                        6.                        Case No. 107CV093018

1  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

2  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

3  ROBERT McCARTHY)

4      Assuming, *arguendo*, that Plaintiff was denied access to the subject facility,

5  Defendants allege that such exclusion was not unlawful because the facility operated by Defendants

6  was not a newly constructed facility nor did it have any alterations, requiring compliance with Title

7  III of the American's with Disabilities Act, or Title 24 of the California Code of Regulations, during

8  the relevant time frame.

9                  **TWELFTH AFFIRMATIVE DEFENSE—**

10  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

11  to make alterations in such a manner that the altered portions of the facility are readily accessible

12  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

13  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

14  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

15  and policies and procedures in violation of the California Civil Code and for discrimination in

16  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

17  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

18  ROBERT McCARTHY)

19      Assuming, *arguendo*, that Plaintiff was denied access to the subject facility for the

20  reasons set forth in paragraph 10 and 11 of the Complaint, Defendants allege that they have no

21  liability for any such allegedly unlawful conditions because Defendants do not and have not exerted

22  custody and/or control over the parking area, sidewalk or alley.  Therefore, the party Defendants are

23  improperly joined.

24                 **THIRTEENTH AFFIRMATIVE DEFENSE—**

25  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

26  to make alterations in such a manner that the altered portions of the facility are readily accessible

27  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

28  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

ITLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT                7.                Case No. 107CV093018

1    SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

2    and policies and procedures in violation of the California Civil Code and for discrimination in

3    violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

4    California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

5    ROBERT McCARTHY)

6            Assuming, *arguendo*, that the facilities at issue were designed, developed,

7    constructed, modified and/or altered in violation of federal and/or California law, Defendants allege

8    that all legal requirements for access by disabled persons have been met through the obtaining of

9    necessary permits from appropriate legal authorities for the construction, alteration or modification

10   of the premises, and that Defendants reasonably relied on the actions of such legal authorities.

11                    **FOURTEENTH AFFIRMATIVE DEFENSE—**

12   (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

13   to make alterations in such a manner that the altered portions of the facility are readily accessible

14   and usable by individuals with disabilities, failure to remove architectural barriers and failure to

15   modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

16   SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

17   and policies and procedures in violation of the California Civil Code and for discrimination in

18   violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

19   California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

20   ROBERT McCARTHY)

21           Assuming, *arguendo*, that the facilities at issue were designed, developed,

22   constructed, modified and/or altered in violation of federal and/or California law, Defendants allege

23   that they had no such knowledge.

24                    **FIFTEENTH AFFIRMATIVE DEFENSE—**

25   (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

26   to make alterations in such a manner that the altered portions of the facility are readily accessible

27   and usable by individuals with disabilities, failure to remove architectural barriers and failure to

28   modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

TLER MENDELSON
ᴘᴏғᴇssɪᴏɴᴀʟ Cᴏʀᴘᴏʀᴀᴛɪᴏɴ
650 California Street
20th Floor
ɴᴀɴᴄɪsᴄᴏ, CA  94108.2693
415.433.1940

ANSWER TO COMPLAINT                    8.                    Case No.  107CV093018

1  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

2  and policies and procedures in violation of the California Civil Code and for discrimination in

3  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

4  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

5  ROBERT McCARTHY)

6          Defendants allege that they did not deny Plaintiff full and equal access to goods,

7  services, facilities, privileges, advantages or accommodations within a public accommodation

8  owned, leased and/or operated by Defendants as required by federal law, including, but not limited

9  to the Americans with Disabilities Act and/or California law, including, but not limited to Civil Code

10  §§ 51, 52, 54, 54.1, 54.3 and 55.

11                    **SIXTEENTH AFFIRMATIVE DEFENSE—**

12  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

13  to make alterations in such a manner that the altered portions of the facility are readily accessible

14  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

15  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

16  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

17  and policies and procedures in violation of the California Civil Code and for discrimination in

18  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

19  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

20  ROBERT McCARTHY)

21          Defendants allege that they provided Plaintiff with alternative methods for access to

22  the facility.

23                    **SEVENTEENTH AFFIRMATIVE DEFENSE—**

24  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

25  to make alterations in such a manner that the altered portions of the facility are readily accessible

26  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

27  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

28  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

TLER MENDELSON
10FESSIONAL Corporation
650 California Street
20th Floor
rancisco, CA 94108.2693
415.433.1940
ANSWER TO COMPLAINT          9.          Case No. 107CV093018

1    and policies and procedures in violation of the California Civil Code and for discrimination in

2    violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

3    California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

4    ROBERT McCARTHY)

5            Defendants allege that Plaintiff has failed to exhaust the administrative remedies

6    available to him.

## EIGHTEENTH AFFIRMATIVE DEFENSE—

8    (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

9    to make alterations in such a manner that the altered portions of the facility are readily accessible

10    and usable by individuals with disabilities, failure to remove architectural barriers and failure to

11    modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

12    SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

13    and policies and procedures in violation of the California Civil Code and for discrimination in

14    violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

15    California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

16    ROBERT McCARTHY)

17            Defendants allege that Plaintiff failed to notify Defendants of his need, if any, for

18    equivalent service and access or accommodation, and failed to allow Defendants the opportunity to

19    provide such.

## NINETEENTH AFFIRMATIVE DEFENSE—

21    (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

22    to make alterations in such a manner that the altered portions of the facility are readily accessible

23    and usable by individuals with disabilities, failure to remove architectural barriers and failure to

24    modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

25    SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

26    and policies and procedures in violation of the California Civil Code and for discrimination in

27    violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

28    California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

TTLER MENDELSON
Professional Corporation
650 California Street
20th Floor
Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT                    10.                    Case No. 107CV093018

1   ROBERT McCARTHY)

2   Defendants allege that the acts or omissions alleged were the proximate result of the

3   conduct of third persons such that Defendants cannot be held liable for such acts or omissions, and

4   that said third persons owe a duty to Defendants to indemnify them for any damages, attorney's fees

5   and/or costs incurred as a result of this litigation.

6   ## TWENTIETH AFFIRMATIVE DEFENSE—

7   (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

8   to make alterations in such a manner that the altered portions of the facility are readily accessible

9   and usable by individuals with disabilities, failure to remove architectural barriers and failure to

10   modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

11   SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

12   and policies and procedures in violation of the California Civil Code and for discrimination in

13   violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

14   California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

15   ROBERT McCARTHY)

16   Defendants allege that the alleged acts or omissions to which Plaintiff refers that form

17   the basis of Plaintiff's Complaint were done, if at all, in good faith, honestly and without malice and

18   have not violated any rights Plaintiff may have under federal, state or local laws, regulations or

19   guidelines.

20   ## TWENTY-FIRST AFFIRMATIVE DEFENSE—

21   (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

22   to make alterations in such a manner that the altered portions of the facility are readily accessible

23   and usable by individuals with disabilities, failure to remove architectural barriers and failure to

24   modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

25   SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

26   and policies and procedures in violation of the California Civil Code and for discrimination in

27   violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

28   California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

TLER MENDELSON
IOFESSIONAL CORPORATION
550 California Street
20th Floor
rancisco, CA 94108-2893
415.433.1840

ANSWER TO COMPLAINT          11.          Case No. 107CV093018

1  ROBERT McCARTHY)

2          Defendants allege that the cost of some or all of the modifications to the subject

3  properties that Plaintiff seeks to have imposed upon Defendant are disproportionate in terms of the

4  cost and scope to that of any alterations made within the statutory period, if any.

5          **TWENTY-SECOND AFFIRMATIVE DEFENSE—**

6  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

7  to make alterations in such a manner that the altered portions of the facility are readily accessible

8  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

9  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

10  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

11  and policies and procedures in violation of the California Civil Code and for discrimination in

12  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

13  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

14  ROBERT McCARTHY)

15          Defendants allege that they granted Plaintiff access to Defendants' facilities, and if

16  Plaintiff was in fact excluded from Defendants' facility, any such exclusion was for reasons

17  rationally related to the services performed and the facilities provided by Defendants.

18          **TWENTY-THIRD AFFIRMATIVE DEFENSE—**

19  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

20  to make alterations in such a manner that the altered portions of the facility are readily accessible

21  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

22  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

23  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

24  and policies and procedures in violation of the California Civil Code and for discrimination in

25  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

26  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

27  ROBERT McCARTHY)

28          Defendants allege that they have fulfilled any obligation they may have had to

TTLER MENDELSON
Professional Corporation
650 California Street
20th Floor
· Francisco, CA  94108-2693
415.433.1940

ANSWER TO COMPLAINT                    12.                    Case No. 107CV093018

1   reasonably accommodate Plaintiff's alleged disabilities.

2   <u>**TWENTY-FOURTH AFFIRMATIVE DEFENSE—**</u>

3   (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

4   to make alterations in such a manner that the altered portions of the facility are readily accessible

5   and usable by individuals with disabilities, failure to remove architectural barriers and failure to

6   modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

7   SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

8   and policies and procedures in violation of the California Civil Code and for discrimination in

9   violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

10  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

11  ROBERT McCARTHY)

12          Defendants allege that any and all actions taken by Defendants, or anyone acting on

13  their behalf, if any, with respect to Plaintiff or the conditions of the establishment in question, were

14  for lawful and legitimate, non-discriminatory reasons.

15  <u>**TWENTY-FIFTH AFFIRMATIVE DEFENSE—**</u>

16  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

17  to make alterations in such a manner that the altered portions of the facility are readily accessible

18  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

19  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

20  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

21  and policies and procedures in violation of the California Civil Code and for discrimination in

22  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

23  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

24  ROBERT McCARTHY)

25          Defendants allege that the Complaint and each and every cause of action alleged

26  therein is barred in that at all times relevant hereto, Defendants acted reasonably, in good faith and

27  without malice, based upon the relevant facts and circumstances known to them at the time they

28  acted, if at all.

TLER MENDELSON
ROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA  94108.2693
415.433.1940

ANSWER TO COMPLAINT          13.          Case No.  107CV093018

1
## TWENTY-SIXTH AFFIRMATIVE DEFENSE—

2  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

3  to make alterations in such a manner that the altered portions of the facility are readily accessible

4  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

5  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

6  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

7  and policies and procedures in violation of the California Civil Code and for discrimination in

8  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

9  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

10  ROBERT McCARTHY)

11  Defendants allege that Defendants' services and/or facilities provided to the public

12  are readily accessible to and usable by persons with disabilities as required by California and Federal

13  laws, including, but not limited to, the Americans with Disabilities Act, California Civil Code §§ 51

14  et seq., California Civil Code §§ 54 et seq. and the California Health and Safety Code Part 5.5.

15
## TWENTY-SEVENTH AFFIRMATIVE DEFENSE—

16  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

17  to make alterations in such a manner that the altered portions of the facility are readily accessible

18  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

19  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

20  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

21  and policies and procedures in violation of the California Civil Code and for discrimination in

22  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

23  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

24  ROBERT McCARTHY)

25  Defendants allege that Plaintiff was not a true customer of the restaurant, and that

26  Plaintiff was merely a tester engaged in visiting Defendants' facilities in order to ascertain whether

27  there were any purported Americans with Disabilities Act and/or related violations.

28

TLER MENDELSON
ROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108.2693
415.433.1940

1

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE—

2    (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

3    to make alterations in such a manner that the altered portions of the facility are readily accessible

4    and usable by individuals with disabilities, failure to remove architectural barriers and failure to

5    modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

6    SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

7    and policies and procedures in violation of the California Civil Code and for discrimination in

8    violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

9    California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

10    ROBERT McCARTHY)

11             Assuming, *arguendo*, that Plaintiff was denied access to the subject facility,

12    Defendants allege that it would be structurally impracticable to design and construct the facility to

13    make it reasonably accessible to people with disabilities.

14

## TWENTY-NINTH AFFIRMATIVE DEFENSE—

15    (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

16    to make alterations in such a manner that the altered portions of the facility are readily accessible

17    and usable by individuals with disabilities, failure to remove architectural barriers and failure to

18    modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

19    SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

20    and policies and procedures in violation of the California Civil Code and for discrimination in

21    violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

22    California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

23    ROBERT McCARTHY)

24             Assuming, *arguendo*, that Plaintiff was denied access to the subject facility,

25    Defendants allege that such exclusion was not unlawful because the facility operated by Defendants

26    was not a newly constructed facility, nor did it have any alterations requiring compliance with any

27    applicable law during the relevant timeframe.

28

'LER MENDELSON
ofessional Corporation
50 California Street
20th Floor
ancisco, CA 94108.2693
415.433.1940

1

## THIRTIETH AFFIRMATIVE DEFENSE—

2 (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

3 to make alterations in such a manner that the altered portions of the facility are readily accessible

4 and usable by individuals with disabilities, failure to remove architectural barriers and failure to

5 modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

6 SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

7 and policies and procedures in violation of the California Civil Code and for discrimination in

8 violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

9 California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

10 ROBERT McCARTHY)

11          Defendants allege that the prosecution of a representative action on behalf of the

12 general public under California Business and Professions Code §§ 17200 et seq., as applied to the

13 facts and circumstances of this case, would constitute a denial of Defendants' due process rights,

14 both substantive and procedural, in violation of the California Constitution and the Fourteenth

15 Amendment of the United States Constitution.

16

## THIRTY-FIRST AFFIRMATIVE DEFENSE—

17 (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

18 to make alterations in such a manner that the altered portions of the facility are readily accessible

19 and usable by individuals with disabilities, failure to remove architectural barriers and failure to

20 modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

21 SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

22 and policies and procedures in violation of the California Civil Code and for discrimination in

23 violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

24 California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

25 ROBERT McCARTHY)

26          Defendants allege that Plaintiff had equal access to the facilities at issue as non-

27 disabled individuals.

28

TLER MENDELSON
OFESSIONAL CORPORATION
150 California Street
20th Floor
rancisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT                    16.                    Case No. 107CV093018

1  **THIRTY-SECOND AFFIRMATIVE DEFENSE—**

2  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

3  to make alterations in such a manner that the altered portions of the facility are readily accessible

4  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

5  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

6  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

7  and policies and procedures in violation of the California Civil Code and for discrimination in

8  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

9  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

10  ROBERT McCARTHY)

11  Defendants allege that Plaintiff is not legally entitled to recover any attorneys' fee

12  with regard to this matter.

13  **THIRTY-THIRD AFFIRMATIVE DEFENSE—**

14  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

15  to make alterations in such a manner that the altered portions of the facility are readily accessible

16  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

17  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

18  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

19  and policies and procedures in violation of the California Civil Code and for discrimination in

20  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

21  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

22  ROBERT McCARTHY)

23  Defendants allege that Plaintiff has failed to state facts sufficient to set forth claim(s)

24  for punitive, treble and/or exemplary damages.

25  **THIRTY-FOURTH AFFIRMATIVE DEFENSE—**

26  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

27  to make alterations in such a manner that the altered portions of the facility are readily accessible

28  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

TLER MENDELSON
ROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT                17.                Case No. 107CV093018

1   modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

2   SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

3   and policies and procedures in violation of the California Civil Code and for discrimination in

4   violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

5   California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

6   ROBERT McCARTHY)

7             Defendants allege that Plaintiff has failed to allege special damages with the requisite

8   degree of specificity.

9                        **THIRTY-FIFTH AFFIRMATIVE DEFENSE—**

10   (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

11   to make alterations in such a manner that the altered portions of the facility are readily accessible

12   and usable by individuals with disabilities, failure to remove architectural barriers and failure to

13   modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

14   SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

15   and policies and procedures in violation of the California Civil Code and for discrimination in

16   violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

17   California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

18   ROBERT McCARTHY)

19             Defendants allege that Plaintiff did not exercise due caution or care with respect to

20   matters alleged in the Complaint and if, in fact, Plaintiff suffered any damage or injury, Plaintiff

21   contributed in whole or in part to such damage or injury, and, therefore, any remedy or recovery to

22   which Plaintiff might otherwise by entitled must be denied or reduced accordingly.

23                       **THIRTY-SIXTH AFFIRMATIVE DEFENSE—**

24   (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

25   to make alterations in such a manner that the altered portions of the facility are readily accessible

26   and usable by individuals with disabilities, failure to remove architectural barriers and failure to

27   modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

28   SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

LER MENDELSON
FESSIONAL CORPORATION
50 California Street
20th Floor
ANCISCO, CA 94108.2693
415.433.1940

**ANSWER TO COMPLAINT**           18.           Case No. 107CV093018

1  and policies and procedures in violation of the California Civil Code and for discrimination in

2  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

3  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

4  ROBERT McCARTHY)

5        Defendants allege that California Civil Code §§ 54.3 and 55, providing for public

6  prosecution and private injunctive relief for violations of Civil Code § 54.1, are to be exclusive and

7  damages provided for by Civil Code § 52 are not recoverable for such violations.

8        **THIRTY-SEVENTH AFFIRMATIVE DEFENSE—**

9  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

10  to make alterations in such a manner that the altered portions of the facility are readily accessible

11  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

12  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

13  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

14  and policies and procedures in violation of the California Civil Code and for discrimination in

15  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

16  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

17  ROBERT McCARTHY)

18        Defendants allege that they owed no duty of care toward Plaintiff.

19        **THIRTY-EIGHTH AFFIRMATIVE DEFENSE—**

20  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

21  to make alterations in such a manner that the altered portions of the facility are readily accessible

22  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

23  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

24  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

25  and policies and procedures in violation of the California Civil Code and for discrimination in

26  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

27  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

28  ROBERT McCARTHY)

TLER MENDELSON
OF PERSONAL CORPORATION
350 California Street
20th Floor
Francisco, CA 94108-2693
415.433.1940

ANSWER TO COMPLAINT                    19.                    Case No. 107CV093018

1    Defendants allege that Plaintiff's alleged injuries and alleged damages, if any, were

2    proximately caused and contributed to by the negligence of Plaintiff.

3    ### THIRTY-NINTH AFFIRMATIVE DEFENSE—

4    (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

5    to make alterations in such a manner that the altered portions of the facility are readily accessible

6    and usable by individuals with disabilities, failure to remove architectural barriers and failure to

7    modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

8    SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

9    and policies and procedures in violation of the California Civil Code and for discrimination in

10    violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

11    California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

12    ROBERT McCARTHY)

13    Defendants allege that Plaintiff's claims are barred from any remedy, or certain

14    remedies, under the doctrines of unclean hands.

15    ### FORTIETH AFFIRMATIVE DEFENSE—

16    (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

17    to make alterations in such a manner that the altered portions of the facility are readily accessible

18    and usable by individuals with disabilities, failure to remove architectural barriers and failure to

19    modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

20    SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

21    and policies and procedures in violation of the California Civil Code and for discrimination in

22    violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

23    California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

24    ROBERT McCARTHY)

25    Defendants allege that the provisions Plaintiff relies upon for an award of punitive or

26    exemplary damages, and the substantive rules and procedures and standards for determining the

27    amount and/or whether or not to award such damages, and if so, in what amount, violates the due

28    process and equal protection rights of Defendants under the Constitutions of the United States and

'LER MENDELSON
DFESSIONAL CORPORATION
:50 California Street
20th Floor
ancisco, CA  94108-2693
415.433.1840

ANSWER TO COMPLAINT                    20.                    Case No.  107CV093018

1   California.

2   <u>**FORTY-FIRST AFFIRMATIVE DEFENSE—**</u>

3   (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

4   to make alterations in such a manner that the altered portions of the facility are readily accessible

5   and usable by individuals with disabilities, failure to remove architectural barriers and failure to

6   modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

7   SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

8   and policies and procedures in violation of the California Civil Code and for discrimination in

9   violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

10  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

11  ROBERT McCARTHY)

12          Defendants reserve the right to amend this answer should they later discover facts

13  demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in

14  the law support the inclusion of new and/or additional defenses.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TLER MENDELSON
OFESSIONAL CORPORATION
150 California Street
20th Floor
rancisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT                    21.                    Case No.  107CV093018

1

## **PRAYER FOR RELIEF**

2          WHEREFORE, Defendants pray that:

3          1.      Plaintiff take nothing by this action;

4          2.      The Complaint be dismissed with prejudice;

5          3.      Judgment be entered in favor of Defendants and against Plaintiff;

6          4.      Defendants recover their attorneys' fees;

7          5.      Defendants be awarded their costs of suit herein; and

8          6.      Defendants be awarded such other and further relief as the Court deems just

9     and proper.

10

11

12    Dated: October 22, 2007

13

14

15                                        Tyler M. Paetkau
                                          LITTLER MENDELSON
16                                        A Professional Corporation
                                          Attorneys for Defendants
17                                        JEFFREY A. GIANNINI, ALBERT P.
                                          GIANNINI, JR., and THE GIANNINI
18                                        LIVING TRUST

19

20

21

22

23

24

25

26

27

28

LER MENDELSON
IFESSIONAL CORPORATION
50 California Street
20th Floor
RNCISCO, CA  84108.2693
415.433.1940

# EXHIBIT C

1  TYLER M. PAETKAU, Bar No. 146305
   LITTLER MENDELSON
2  A Professional Corporation
   650 California Street, 20th Floor
3  San Francisco, CA 94108.2693
   Telephone:  415.433.1940
4  Facsimile:  415.399.8490

5  Attorneys for Defendants
   JEFFREY A. GIANNINI, ALBERT P. GIANNINI,
6  JR., and THE GIANNINI LIVING TRUST

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10 ROBERT McCARTHY,                    Case No. 107CV093018

11              Plaintiff,             **NOTICE TO PLAINTIFF, PLAINTIFF'S**
                                       **COUNSEL AND STATE COURT OF**
12         v.                          **REMOVAL OF CIVIL ACTION**
                                       **PURSUANT TO 28 U.S.C. § 1441(b)**
13 JEFFREY A. GIANNINI;                **(FEDERAL QUESTION)**
   ALBERT P. GIANNINI, JR.;
14 THE GIANNINI LIVING TRUST; and
   DOES 1 through 10, inclusive,       Judge:    Hon. Joseph Huber
15                                      Dept.     8
              Defendants
16

17

18        TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SANTA

19 CLARA, PLAINTIFF ROBERT McCARTHY and PLAINTIFF'S ATTORNEY OF RECORD:

20        PLEASE TAKE NOTICE that Defendants Jeffrey Giannini, Albert Giannini, Jr. and

21 the Giannini Living Trust have on October 22, 2007 filed a Notice of Removal in the office of the

22 Clerk of the United States District Court in and for the Northern District of California pursuant to 28

23 U.S.C. §§ 1331, 1367, 1441(b) and 1446.  A true and correct copy of said Notice of Removal and

24 accompanying exhibits are attached hereto and incorporated herein by reference as Exhibit 1.

25 ///

26 ///

27 ///

28 ///

TLER MENDELSON
xoFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108 2693
415 433.1940

NOTICE TO PLAINTIFF AND STATE COURT OF REMOVAL          CASE NO. 107CV090439

1

2          PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of said

3  Notice of Removal of Civil Action with the United States District Court, together with the filing of

4  said Notice of Removal of Civil Action with this Court, effects the removal of this action, and this

   Court may proceed no further unless and until the case is remanded.

5

6  Dated:  October 22, 2007

7

8                                              _____
                                               TYLER M. PAETKAU
9                                              LITTLER MENDELSON
                                               A Professional Corporation
10                                             Attorneys for Defendants
                                               JEFFREY A. GIANNINI, ALBERT P.
11                                             GIANNINI, JR. and THE GIANNINI LIVING
                                               TRUST

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ITTLER MENDELSON
Professional Corporation
650 California Street
20th Floor
 Francisco, CA  94108.2693
415.433.1940

2.